IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| PETER BEASLEY, | § | |
| | § | |
| Plaintiff, | § | |
| | § | Civil Action No. 3:16-CV-0918-D |
| VS. | § | |
| | § | |
| SOCIETY OF INFORMATION | § | |
| MANAGEMENT, DALLAS AREA | § | |
| CHAPTER, | § | |
| | § | |
| Defendant. | § | |

MEMORANDUM OPINION
AND ORDER

Plaintiff Peter Beasley's ("Beasley's") motion to remand this removed case to state court is granted.[1]

Beasley filed the motion to remand *pro se*, arguing that the case was not removable under the court's federal question jurisdiction. Following removal, he amended his complaint[2] to remove any references to a federal question claim. Now represented by counsel, he maintains that the case was not removable because his Sarbanes-Oxley claim was not a well-pleaded cause of action and did not confer this court with jurisdiction. He also

---

[1] Under § 205(a)(5) of the E-Government Act of 2002 and the definition of "written opinion" adopted by the Judicial Conference of the United States, this is a "written opinion[] issued by the court" because it "sets forth a reasoned explanation for [the] court's decision." It has been written, however, primarily for the parties, to decide issues presented in this case, and not for publication in an official reporter, and should be understood accordingly.

[2] Beasley refers to his pleading as a second amended petition, which is a Texas state-law term.

asks the court to remand the case in its discretion now that he has amended to delete the Sarbanes-Oxley claim.

The court disagrees with Beasley that the case was not removable. Regardless whether the claim had merit, Beasley alleged a retaliation claim against a whistleblower under the Sarbanes-Oxley Act of 2002—a federal question claim. Defendant properly removed the case to this court.

After the case was removed, however, Beasley amended as of right and dropped any federal question claim. This court has the discretion to remand a case that was removed based on federal question jurisdiction where the federal question claim has dropped out of the case and the parties are not diverse citizens. *See, e.g., Burnett v. Petroleum Geo-Servs., Inc.*, 2013 WL 1723011, at *5 (N.D. Tex. Apr. 22, 2013) (Fitzwater, C.J.) (citing *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 357 (1988)); *see also Giles v. NYLCare Health Plans, Inc.*, 172 F.3d 332, 338-39 (5th Cir. 1999) (affirming remand of state claims after plaintiff's amended complaint dropped claim supporting federal question jurisdiction). To determine whether to exercise jurisdiction or to remand, the court balances "the statutory factors set forth by 28 U.S.C. § 1367(c)," "the common law factors of judicial economy, convenience, fairness, and comity," and the threat of "improper forum manipulation." *Burnett*, 2013 WL 1723011, at *5 (citing *Enochs v. Lampasas Cnty.*, 641 F.3d 155, 159 (5th Cir. 2011)). Because the court lacks diversity jurisdiction, only state-law claims remain, and the federal claim has dropped out early in the case (the case has only been pending in this

court since April 4, 2016), the court exercises its discretion to remand the case to state court.[3]

Accordingly, Beasley's April 12, 2016 motion to remand is granted, and this case is remanded to the 162nd Judicial District Court of Dallas County, Texas. The clerk shall effect the remand according to the usual procedure.[4]

**SO ORDERED**.

May 18, 2016.

_____
SIDNEY A. FITZWATER
UNITED STATES DISTRICT JUDGE

---

[3]The court disagrees with defendant's assertion that Beasley waived his right to request a remand. Because this case and a now-dismissed companion case were removed to this court, he had no choice but to seek in this court any desired injunctive or declaratory relief.

[4]The court does not reach defendant's motion to dismiss.